# ORAL ARGUMENT HAS NOT BEEN SCHEDULED
## No. 14-7044

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE DISTRICT OF COLUMBIA CIRCUIT

EASTERN SAVINGS BANK, FSB,        Case Below 1:13-cv-01147 BAH
              Appellant,

v.

GEORGE PAPAGEORGE, et al.,
              Appellees.

_____

## DEFENDANTS' REPLY TO THE OPPOSITION OF EASTERN TO THE DEFENDANTS' MOTION FOR SANCTIONS

Eastern asserts that the Federal Rules of Appellate Procedure and the Local Rules of this Court do not "contemplate" the defendants filing the Motion at issue. Eastern, however cites no Rules that embody this alleged "contemplat[ion]" It does not point to a single rule from which this contemplation might conceivably emanate. With all due respect, this assertion is as frivolous as Eastern's appeal itself. Frivolity seems to be an ingrained habit for Eastern.

In rejecting simultaneously the defendants' companion Motions for Summary Affirmance and Motion for Sanctions, the Court explained its denial of the former based on a lack of detail about the decision below, and did not give any reason for denying the latter. It would seem that both motions suffered from the

1

lack of detail noted with regard to the first.  Now, the quality of the briefing engaged in by Eastern has cast light on the frivolity of the appeal by its engaging in a tactic of throwing out a plethora of inapposite cases in the hope that they might stick if only the Court did not closely analyze them.   This enabled the defendants in the present motion to give the detail lacking at first, and showing how the inapposite quality of the many cases Eastern cited highlighted the frivolity of the appeal in significant detail.

As pointed out, the denial of the defendants' earlier Motion for Sanctions was without analysis or comment.   Eastern's argument that there was something "implicit" in this denial is equivalent to its invalid "contemplat[ion]" argument.  It has no basis.

The frivolity of these two arguments is only highlighted and emphasized by the citation to *Reliance Ins. Co. v. Sweeney Corp., Maryland,* 792 Maryland F.2d 1137, 1138 (D.C.Cir. 1986) (quoting *Gattuso v. Peccarello,* 733 F.2d 709, 710 (9th Cir. 1984)).  As it was with the appellant in that case, Eastern here has been given every opportunity to develop its legal arguments but has notably failed to do so. Instead, it has engaged in mischaracterizing what the court below did and then citing inapposite case after inapposite case to supposedly support the mischaracterizations it has engaged in, as if the court below had actually said and held what Eastern has misrepresented it did.  Quite significantly, in *Reliance Ins.*

*Co.,* the court imposed sanctions for the same reason that they should be imposed here. *Reliance Ins. Co.* is a summary judgment case, not a dismissal upon motion case. In that regard, Eastern's noting of *Reliance Ins.Co.*'s reliance in turn upon *Gattuso v. Peccarello*, 733 F.2d 709, 710 (9th Cir. 1984) is even more frivolous. *Gattuso* is a dismissal case and in it the appellate court found that the result of the appeal, affirmance, was "obvious," and the arguments of error were without merit. That is the precise situation here.

There is no requirement that defendants must have sought reconsideration of the Court's denial of its earlier Motion for Sanctions. Nor is it required by any authority that there have been some intervening decision by the Court saying or justifying that defendants might file the instant motion. As it happens, the briefing of Eastern provided a wealth of additional detail as to the frivolous nature of its appeal, detail that framed and filled out the picture of the appeal's frivolity.

It is building frivolity upon frivolity to argue that there is some sort of implied (but nowhere articulated) authority supporting the notion that the defendants' pointing out the piled on frivolity in Eastern's briefing is not allowed. It is quite true that in pointing out the frivolity of Eastern's briefing, the defendants have pointed things out that they did not point out in their briefing. But, we repeat, engaging in frivolity frames the underlying frivolity. It is also the case that pointing out the frivolity of common law claims that Eastern is erroneously

attempting to assert it can "reserve" out of the appeal, does not violate any rule or authority. It is itself frivolous for Eastern to claim, without any authority authorizing such a reservation, that it can "reserve" this Court's decision on those common law claims.

Eastern did not identify any "deficiencies" in its Reply. Instead it once again threw out a lot of inapposite cases in the baseless hope that some of them would somehow stick.

The rest of Eastern's Opposition that follows on after its arguments that we have addressed summarily above, is premised on the frivolous invalidity that we have already pointed out. Its culminating frivolity is its assertion that somehow pointing out its frivolity could be considered frivolous. This is an attempt to project its own behavior upon the defendants. It is completely without merit. Eastern and its counsel cannot have had any realistic belief that the Court would accept these frivolous notions.

Defendants point out that this sort of appeal wastes the time and resources of the Court. Further defendants incorporate herein by reference the first Motion for Sanctions that they filed in this matter, Document #1495405, and in particular the last paragraph thereof with its attachment. There defendants showed how this appeal was taken for the purpose of delaying matters proceeding in the Superior Court.

Respectfully submitted,

/s/

Laurence A. Elgin    D.C. Bar No.159582
*Counsel for Appellees*
601 Pennsylvania Avenue, N.W.
Suite 900 South Building
Washington, DC 20004
(202) 628-1114
Lawnet.lae@gmail.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I have caused the foregoing Defendants' Reply To The Opposition Of Eastern To The Defendants' Motion For Sanctions to be served electronically using the court's ECF system upon counsel of record this 13th day of April, 2015.  I will cause to have served upon the Clerk four (4) copies by hand at 333 Constitution Avenue, NW, Washington DC within two business days.

/s/

Laurence A. Elgin